# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK EDWARD HOFF, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case number 4:07cv0514 TCM |
| | ) |
| STEVE LARKINS,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Mark Edward Hoff, who was a Missouri prisoner at the time this federal habeas action was filed,[2] petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from a conviction following a guilty plea in December 2004, for which he was sentenced in January 2005.[3] See 28 U.S.C. § 2254.

---

[1] Petitioner was incarcerated at Missouri's Eastern Reception, Diagnostic and Correctional Center when he filed this federal habeas action. Pat Smith was the Warden of that Missouri correctional facility when this action began, and Steve Larkins is now the Warden of that facility. Therefore, the Court substitutes Steve Larkins as the Respondent in this action.

[2] A letter from Petitioner (Doc. 18) discloses that, as of October 28, 2008, his residence is an apartment in Festus, Missouri, rather than the Missouri Eastern Reception and Diagnostic Correctional Center where he had been incarcerated. Because Petitioner was in the custody of the State of Missouri when he filed his habeas petition, the "in custody" requirement of 28 U.S.C. § 2254 is satisfied and this Court has jurisdiction to entertain his petition. **Beets v. Iowa Dept. of Corr. Servs.**, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999) (citing Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968)).

[3] Petitioner has provided numerous exhibits attached to various documents he has filed of record. He attached to his original habeas petition a copy of a Southwestern Bell Company bill, Ex. A (Doc. 1-1 at 1-3); Mr. Mattison's statement regarding the rental of his trailer, Ex. B (Doc. 1-1 at 4-5); December 26, 2006, statements of Petitioner, Reverend Lawrence N. Bradt, Petitioner's parents, Wayne and Lynn Hoff, and Petitioner's sister, Kerri L. Dawson, Ex. C (Doc. 1-1 at 6-11); and the preliminary hearing transcript, Ex. D (Doc. 1-1 at 12-21). He attached to his reply regarding the original habeas petition a Missouri State Highway Patrol Confidential Narcotics Report, Ex. A

Respondent filed a Response to Order to Show Cause Why the Writ of Habeas Corpus Should Not Be Granted (Response) and Petitioner filed a reply. Petitioner also filed a supplemental claim (Doc. 16), to which Respondent has filed a Response to Order (Response) and Petitioner has filed a reply. This matter is before the undersigned United States Magistrate Judge for review and final disposition.[4]

## **Background**

In 2003 Petitioner was charged with three drug offenses and as a prior drug offender.[5] (Resp't Ex. 3 at 9-10; 16-17.)[6]

---

(Doc. 14 at 22-24); a copy of his motions to suppress statements and evidence, Exs. B and C (Doc. 14 at 25-32); part of a Missouri State Highway Patrol Confidential Narcotics Report and a six page Evidence Log of the Ste. Genevieve County Sheriff's Department, Ex. D (Doc. 14 at 34-37); a Supplemental Report of the Ste. Genvieve County (Mo) Sheriff's Department, Ex. E (Doc. 14 at 38-39); the Crime Scene/Search Warrant Inventory, Ex. F (Doc. 14 at 40-43); and the application for search warrant, search warrant, affidavit, and return and inventory, Ex. G (Doc. 14 at 44-50). With his supplemental claim, Petitioner provided a Missouri State Highway Forensic Laboratory Report and Crime Laboratory Property Transfer report, Ex. A (Doc. 16 at 12-15); a St. Charles County Sheriff's Department Criminalistics Laboratory Report and Supplemental Laboratory Report, Ex. B (Doc. 16 at 16-20), and Petitioner's Motion for Disclosure, Ex. B (Doc. 16 at 21-26). With his reply directed to his supplemental claim, Petitioner provided a document marked "State's Ex. 6" along with an evidence receipt, laboratory reports, a crime lab transfer report, and facsimile cover sheets (Doc. 22-1 at 1-10).

[4] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

[5] The information charging Petitioner with these offenses charged Petitioner in Count I with violating Mo. Rev. Stat. § 195.222 on March 19, 2003, by committing "the class A felony of trafficking in the first degree . . . [by] knowingly manufactur[ing] by the red phosphorous method 90 grams or more of a compound containing any quantity of methamphetamine, a controlled substance, knowing that it was a controlled substance"; in Count II with violating Mo. Rev. Stat. § 195.233 on March 19, 2003, by committing "the class D felony of possession of drug paraphernalia with intent to use," specifically by possessing "Coleman camp fuel, acetone, muriatic acid, lye bed, red phosphorous, a gallon sized jar, [and] iodine crystals, with the intent to use them in combination with each other to manufacture methamphetamine"; and in Count III with violating Mo. Rev. Stat. § 195.202 on March 19, 2003, by committing "the class C felony of possession of a controlled

On December 6, 2004, Petitioner pleaded guilty to an amended information charging him with one count of trafficking in drugs in the first degree in violation of Mo. Rev. Stat. § 195.222.[7] In exchange for this plea, the other counts and the allegations that Petitioner was a prior drug offender, were dismissed; "some pending misdemeanor charges relating to an alleged incident with" another person were dismissed; the "State . . . agreed to a cap of seventeen years in prison"; and a pre-sentence investigation report was completed. (Resp't Ex. 1 at 12-13.) During the plea proceeding, Petitioner stated under oath that he manufactured, by the red phosphorus method, thirty grams or more of methamphetamine, knowing it was a controlled substance and was illegal. (Id. at 14-15.) He also stated under oath that he understood the range of punishment on the charge in the amended information was ten to thirty years or life, and that he would be subject to the full range of punishment, regardless of the cap, if he was placed on probation with a suspended imposition of sentence and then violated probation. (Id. at 12, 14.)

Petitioner further affirmed that no one had promised him anything or threatened him

---

substance, . . . [by] possess[ing] more than 35 grams of marijuana, a controlled substance, knowing of its presence and nature." (Resp't Ex. 3 at 16-17.) This information also alleged Petitioner was a prior drug offender in that he had pleaded guilty on September 6, 1994, to the felony of possession of a controlled substance. (Id. at 17.)

[6] In his Responses (Docs. 9 and 19), Respondent refers to his exhibits by letter designation, but the exhibits filed by Respondent (Doc. 11) are designated by number. The Court will refer to Respondent's exhibits by their number designation.

[7] While the record does not contain a copy of the amended information, during the guilty plea the court stated that the charge in the amended information was a "class A felony of trafficking in the first degree, [by] knowingly manufactur[ing] by the red phosphorus method at least thirty grams or more of a compound containing any quantity of methamphetamine, a controlled substance, knowing that it was a controlled substance." (Resp't Ex. 1 at 12; see also id. at 9.)

to get him to plead guilty, and that no one had advised him of any special deals worked out that were not otherwise mentioned. (Id. at 12, 13, 16.) He understood the rights he was waiving by pleading guilty, and that he could receive a seventeen year sentence or a sentence of less time in prison but not a sentence of more time in prison. (Id. at 9-11, 14.)

Petitioner's counsel advised the court during the plea that there was one witness counsel was unable to interview, and he had spoken with two others. (Id. at 4-5.) Petitioner acknowledged his attorney had spoken to all witnesses but that one, and there were no alibi witnesses that he knew of. (Id.) With respect to a statement Petitioner reportedly made while in custody, Petitioner's counsel explained the status of that statement, noted a motion to suppress had been filed but not yet heard, and advised the court that he had discussed with Petitioner his right to attack that statement and to try "to suppress the evidence that was seized pursuant to the search warrant at [Petitioner's] residence." (Id. at 6-8.) Petitioner acknowledged under oath that he was aware of his right to challenge both his statement and the seized evidence, and he still wanted to plead guilty. (Id. at 8.)

Almost two months after his guilty plea, Petitioner was sentenced, on January 28, 2005, to a term of imprisonment of seventeen years. (Resp't Ex. 3 at 18-20.) The Missouri State Board of Probation and Parole had recommended that probation be denied. (Resp't Ex. 2 at 4.) The State argued for imposition of a seventeen year term of imprisonment, stating in relevant part that "the methamphetamine recovered in this case was substantially more than 90 grams of methamphetamine" and that Petitioner had failed a pre-employment drug test while on bond, with the test showing Petitioner had "tested positive for both

marijuana and . . . amphetamines." (Id. at 4, 5, 6-7.) In arguing against a seventeen year sentence, Petitioner's counsel noted the support Petitioner had from his family and pastor, and that Petitioner had admitted use of methamphetamine while he was on bond and was ready to address how his drug use and business had adversely affected himself and others, including his family. (Id. at 8-11.) Petitioner's counsel also objected that the failed pre-employment drug test had not been previously disclosed to Petitioner. (Id. at 7.)

Before pronouncing sentence, the court stated, "The Court is going to deny probation in this case. You've had a previous opportunity on felony probation, and that was for a drug related offense. Considering the volume, I guess you could say, of activity that was involved here, I think it calls for a substantial sentence." (Id. at 12.) The court then sentenced Petitioner to a term of seventeen years imprisonment. (Id.; Resp't Ex. 3 at 18-19.)

Petitioner did not appeal, but did timely seek postconviction relief through a motion under Mo. S. Ct. Rule 24.035. (Resp't Ex. 3 at 25-34.) The motion, amended by appointed counsel,[8] alleged that Petitioner was denied the effective assistance of plea counsel in that counsel recommended a guilty plea "when [Petitioner] could have had all the evidence and

---

[8] Upon the filing of the amended postconviction motion, any claims in the pro se motion for postconviction relief were no longer before the motion court except to the extent they were included in the amended motion. See **Tinsley v. State**, 258 S.W.3d 920, 927 (Mo. Ct. App. 2008) ("the only claim which the motion court could have considered and determined was that raised in the amended . . . motion for post-conviction relief [because t]he filing of an amended motion superseded [the] pro se motion and rendered it a nullity" (citations omitted)); **Day v. State**, 143 S.W.3d 690, 693-94 (Mo. Ct. App. 2004) ("The amended motion supersedes [the] pro se motion and renders it a nullity. . . . . Therefore, the allegations of a[n] amended motion would be the only matters before the motion court" (citation omitted)); **Leach v. State**, 14 S.W.3d 668, 670-71 (Mo. Ct. App. 2000) (a pro se allegation not included in the amended motion for postconviction relief is "not properly before the motion court").

statements linking him to the crime suppressed at trial"; counsel failed to continue objecting at the sentencing to the undisclosed pre-employment drug test Petitioner had failed; and counsel advised Petitioner he would receive probation or a maximum term of ten years in prison. (Id. at 30-51.) Relief was denied without an evidentiary hearing. (Id. at 62-65.) The court[9] found the ineffective assistance of counsel claims were refuted by the record. (Id. at 63-65.)

Petitioner appealed, arguing that he was denied his rights to the effective assistance of counsel and due process in that, had the case gone to trial Petitioner could have refuted making any incriminating statements to the police, the evidence seized from his trailer could have been suppressed because the police did not have probable cause to obtain a search warrant, and counsel could have impeached an officer's testimony with inconsistent statements that officer made at the preliminary hearing (Resp't Ex. 5 at 11, 14); Petitioner's counsel failed to object to the introduction at sentencing of Petitioner's failed pre-employment drug test (id. at 12, 24); and Petitioner would have gone to trial rather than plead guilty but for his attorney's advice that Petitioner would get probation or at most a ten year sentence if he pleaded guilty (id. at 13, 31). The appellate court disagreed. (Resp't Ex. 7.) While quoting from several colloquies between Petitioner and the plea court, the appellate court, in its memorandum supporting its brief order affirming the denial of relief by the motion court, found as follows.

---

[9] The same judge who presided over the criminal proceedings presided over the postconviction proceedings.

The record reveals that at his plea hearing, [Petitioner] indicated that he desired to enter a guilty plea; he understood the nature of the charges against him; he had been advised of his constitutional rights; he understood the consequences of entering his plea; and his plea was entered freely and voluntarily. Additionally, [Petitioner] stated that he had time to discuss the case with his attorney; his attorney had done everything [Petitioner] had requested him to do; and he was satisfied with his attorney's services. [Petitioner]'s assertions during his colloquy with the [plea] court establishes that [Petitioner]'s plea was voluntarily and knowingly entered.

For clarity of our analysis of the effect of Counsel's alleged ineffectiveness on the voluntariness of [Petitioner]'s plea, we shall consider [Petitioner]'s points out of order.

* * *

From the record it is clear that [Petitioner] understood the range of punishment he was facing. [Petitioner] held no mistaken belief as to the amount of time he might receive because [Petitioner] acknowledged understanding that he could be sentenced to a term of up to seventeen years. The guilty plea record conclusively demonstrates that [Petitioner]'s belief that he would receive probation or no more than ten years' imprisonment was not reasonable. [Petitioner]'s third point is denied.

* * *

[With respect to Petitioner's first point on appeal, t]he existence of allegedly inadmissible evidence is insufficient to vacate a guilty plea which was voluntary and made with an understanding of the charge.

We have already determined that [Petitioner]'s plea was made voluntarily and knowingly. Furthermore, the record also clearly demonstrates that [Petitioner] was aware that, through counsel, he could move to suppress his statements and physical evidence, and that by entering a guilty plea, he waived that right[.]

* * *

The plea transcript demonstrates that [Petitioner] knowingly and intelligently waived his right to have a suppression hearing; thus, [Petitioner] is barred from obtaining postconviction relief based on this assertion of error.

[Petitioner]'s first point is denied.

\* \* \*

[Petitioner]'s second point is without merit. Where a [Petitioner] has entered a plea of guilty, the adequacy of his counsel is immaterial unless it prevents the [Petitioner]'s plea from being entered voluntarily and with an understanding of the charges. [Petitioner]'s argument does not implicate the voluntariness of his plea or his understanding of the charge; thus, it does not entitle him to an evidentiary hearing. [Petitioner]'s second point is denied.

Id. at 4-5, 7, 8, 9 (citations omitted). The appellate court issued its mandate on September 28, 2006. (Resp't Ex. 8.)

Petitioner now seeks federal habeas relief on four grounds. In ground one, Petitioner urges he was denied due process and his plea counsel was ineffective in advising him to plead guilty when there was a good likelihood Petitioner would have been acquitted had he gone to trial because Petitioner could have refuted making any incriminating statements to the police, the evidence seized from his trailer could have been suppressed because the police did not have probable cause to obtain a search warrant, and an officer's statements could have been impeached with inconsistent statements that officer made at the preliminary hearing. (Doc. 1 at 6-7.) For ground two, Petitioner argues he was denied due process and the effective assistance of counsel in that his plea counsel failed to object at Petitioner's sentencing to the prosecutor's introduction of evidence that Petitioner had failed a pre-employment drug test; to the prosecutor's reference to a note being found in which Petitioner indicated he felt he had been shorted by one of his customers on the payment for

some methamphetamine (note);[10] and to the prosecutor's statement that "phone calls were made from the county jail telling someone to get a ladder and get up into the ceiling and get rid of the stuff" (phone calls).[11] (Id. at 16-17.) For ground three, Petitioner argues he would not have pleaded guilty and would have gone to trial but for his counsel's advice that he would receive probation or no more than ten years in prison, and such advice constituted the ineffective assistance of counsel. (Id. at 20-21.) In his supplemental claim, which he filed with leave of Court in September 2008,[12] Petitioner presents a fourth ground seeking habeas relief on the ground the prosecutor failed to disclose a forensic laboratory report. (Doc. 16.) With respect to the three grounds in Petitioner's original petition, Respondent argues that the state appellate court's decision is not contrary to, or an unreasonable

---

[10] The sentencing transcript reports that, without objection, the prosecutor told the court, "there was a note found later by one of the women's parents where the [Petitioner] had written out a statement basically indicating that he felt that he had been shorted by one of his customers on the payment for some methamphetamine that he delivered." (Resp't Ex. 2 at 5.)

[11] The sentencing transcript reveals that, without objection, the prosecutor told the court that

> [t]he Court may recall that we had some telephone calls that the [Petitioner] had made from the jail at the time he was arrested for that incident with [a woman], where the [Petitioner] is basically telling somebody to get up on a ladder and remove a ceiling tile and get rid of the stuff that's in the ceiling tile.
>
> Obviously, we cannot prove that the stuff in the ceiling tile, you know, wasn't antique Confederate currency. We certainly suspect that the stuff up in the ceiling tile was in fact controlled substances.

(Res't Ex. 2 at 6.)

[12] The Petition for Supplemental Claim and Brief was mailed by Petitioner on August 11, 2008, and received by this Court on August 14, 2008. (Doc. 16 at 1 and 27.) The Court granted leave to file the supplemental claim on September 22, 2008. (Doc. 17.)

application of, Supreme Court precedent. With regard to Petitioner's supplemental claim, Respondent notes it "appears to be untimely and procedurally defaulted" and argues it is without merit.

## Discussion

<u>Ineffective Assistance of Counsel Claims in Original Petition.</u> Title 28 U.S.C. § 2254(d) mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts only if the adjudication "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'" or "'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" **Collier v. Norris**, 485 F.3d 415, 421 (8th Cir. 2007) (quoting § 2254(d)). "'[A] decision is "contrary to" federal law . . . if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if it "confront[ed] facts that are materially indistinguishable from a relevant Supreme court precedent" but arrived at an opposite result.'" **Id.** (quoting Davis v. Norris, 423 F.3d 868, 874 (8th Cir. 2005)) (all but first alteration in original). "'A state court unreasonably applies clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."'" **Id.** (quoting Davis, 423 F.3d at 874) (alteration in original).

The first three grounds for relief focus on Petitioner's allegations that his plea counsel provided ineffective assistance in several respects during the plea and sentencing

proceedings. The state motion court and appellate court rejected these claims.[13]

---

[13] The state courts did not have an opportunity to address Petitioner's ineffective assistance of counsel claims pertaining to the note and calls the prosecutor mentioned during sentencing because Petitioner did not present those claims in his postconviction motion or in his postconviction appeal. (Resp't Ex. 3 at 8-10 and Resp't Ex. 5 at 12 and 24-30, respectively.) Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas relief unless it appears that the state prisoner has exhausted available state court remedies. **Gray v. Netherland**, 518 U.S. 152, 161 (1996); see **Baldwin v. Reese**, 541 U.S. 27, 29 (2004); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991).

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

**Coleman**, 501 U.S. at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). See also **Weeks v. Bowersox**, 119 F.3d 1342, 1349-50 (8th Cir. 1997) (en banc) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court").

> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer "available" to him.

**Coleman**, 501 U.S. at 732.

In Missouri, a Rule 24.035 motion is the exclusive remedy to challenge a guilty plea. **Weeks**, 119 F.3d at 1347; **Duvall v. Purkett**, 15 F.3d 745, 746 (8th Cir. 1994). Here, Petitioner timely pursued a Rule 24.035 motion but did not include in that motion his ineffective assistance of counsel claims based on counsel's failure to object at sentencing to the prosecutor's references to the note and phone calls. Petitioner's failure to include these claims in his Rule 24.035 motion results in a procedural default. See **Weeks**, 119 F.3d at 1350; **Forest v. Delo**, 52 F.3d 716, 19-20 (8th Cir. 1995). "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Dretke v. Haley, 541 U.S. 386, 388 (2004)). "'This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show

It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann[ v. Richardson, 397 U.S. 759 (1970)].'" **Hill v. Lockhart**, 474 U.S. 52, 56-57 (1985) (quoting Tolett v. Henderson, 411 U.S. 258, 267 (1973)). Consequently, to obtain habeas relief, Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty to the charge in the amended information and would have insisted on going to trial but for that deficient performance. See **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000). And, "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that

---

actual innocence.'" **Id.** (quoting Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002)).

"'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" **Greer v. Minnesota**, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Petitioner has not established cause for his default. If a petitioner fails to show cause, the question of prejudice need not be addressed. **Cagle**, 474 F.3d at 1099.

Petitioner's defaulted grounds may be reached on their merits absent a showing of cause for his procedural default if he offers new evidence to show actual innocence. See **id.**; **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner has not offered such new evidence.

The Court will not further consider Petitioner's ineffective assistance of counsel claims arising out of counsel's failure to object to the prosecutor's references to the note and phone calls during the sentencing hearing because those claims are procedurally defaulted and Petitioner has not established cause and prejudice or actual innocence to allow this Court to address the merits of those claims.

counsel's conduct falls within the wide range of reasonable professional assistance.'" **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 59).

As noted by both the state motion court and appellate court, Petitioner's first and third grounds in which he claims his plea counsel was ineffective in advising Petitioner to plead guilty when Petitioner could have refuted making the incriminating statements to the police, the seized evidence could have been suppressed for lack of probable cause to support the search warrant, and an officer's statements could have been impeached with the officer's prior inconsistent statements during a preliminary hearing, and claims his counsel was ineffective for reportedly advising Petitioner he would get at the most a ten year sentence of imprisonment, are refuted by the record. That record includes Petitioner's own assurances, made under oath, that he was pleading guilty with the knowledge that he was giving up the ability to try to suppress any statement he reportedly made to the police and any evidence seized from his trailer; that he was giving up his right to examine the witnesses against him, which includes the officer who allegedly made inconsistent statements; that he understood he could get up to a seventeen year term of imprisonment, and that neither his attorney nor anyone else had told him about any "special deals" not mentioned on the record during the plea proceeding . (Resp't Ex. 1 at 8, 10, 12-14, 16.)

Petitioner's grounds one and three presenting claims regarding the ineffectiveness of his counsel, contradict his sworn statements to the plea court during the plea proceedings. No one had promised him anything other than what was disclosed during the plea proceeding. No one had threatened him to get his guilty plea. Petitioner was gambling that he might receive probation or a ten year sentence, in the face of knowledge he could be sentenced to up to seventeen years in prison. As Petitioner affirmed he knew, the plea court was free to sentence him as it chose, to the maximum agreed upon "cap" of seventeen years. Moreover, Petitioner stated under oath that he understood he was giving up his rights to challenge his statements, the seized evidence, and the witnesses against him. "Solemn declarations in open court carry a strong presumption of verity[,]" **Blackledge v. Allison**, 431 U.S. 63, 74 (1977); thus, it is a heavy burden to overcome admissions at a plea hearing to show that the plea was involuntary, **Nguyen**, 114 F.3d at 703.

In **United States v. McKnight**, 186 F.3d 867 (8th Cir. 1999) (per curiam), the Eighth Circuit Court of Appeals rejected a habeas claim that a defendant was misled at his change of plea hearing as to the length of the sentence. The court noted that some statements had been made indicating a "reasonable expectation" of a lesser sentence than imposed; however, the plea agreement and colloquy indicated that the defendant knew he faced a greater sentence. **Id.** at 869. The court concluded that the defendant's hope of a lesser sentence did "not translate into a claim for relief." **Id.** Similarly, in **United States v. Has No Horses**, 261 F.3d 744, 749 (8th Cir. 2001), the court rejected a claim that erroneous advice by counsel about an expected sentence entitled the defendant to set aside his guilty

plea, finding that the defendant had testified that he understood that the judge was not bound by a particular sentence and that he might receive a different sentence than expected. See also **Premachandra v. United States**, 101 F.3d 68, 69 (8th Cir. 1996) (rejecting habeas claim that guilty plea was not voluntary because trial counsel had incorrectly informed petitioner that he would not serve a lengthy prison term if he pleaded guilty; at change of plea hearing, petitioner expressly acknowledged (i) the potential sentence he faced, (ii) uncertainty as to that sentence until a presentence report had been received, and (iii) his commitment to the plea even if he received a longer sentence than expected).

Whatever Petitioner hoped his sentence would be, his guilty plea was not induced by any promises or misinformation about its length or character. Whatever Petitioner thought might happen if he went to trial and challenged his statements, the seized evidence, or the officer's testimony, the plea proceeding clearly establishes that he was not misled by his attorney or during the plea proceeding and that he understood that he was giving up the ability to challenge the statements, evidence, and officer's testimony by pleading guilty to the amended information. The state appellate court's affirmance of the postconviction motion court's denial of relief on these claims is not contrary to, or an unreasonable application, of clearly established Federal law; and is not based on an unreasonable determination of the facts. Petitioner's grounds one and three are denied.

In ground two, Petitioner urges he was denied due process and the effective assistance of counsel in that his plea counsel failed to object at Petitioner's sentencing to the

prosecutor's evidence that Petitioner had failed a pre-employment drug test.[14] The Missouri appellate court rejected this claim. Petitioner has not made any showing that his sentencing would have been any different even if Petitioner's counsel had more persistently pursued objections to the prosecutor's reference to the failed drug test.[15] The sentencing judge made no reference to that drug test as having any effect on his sentencing decision; rather, the sentencing transcript reveals that decision was based on Petitioner's prior drug-related conviction and the amount of drug activity at issue in Petitioner's present drug trafficking case. There was no prejudice resulting from counsel's challenged conduct at the sentencing hearing. See, e.g., **Champion v. United States**, 319 Fed. Appx. 443, 446-47 (8th Cir. 2009) (per curiam) (unpublished opinion) (no prejudice shown for any error by counsel in failing to object to the presentence investigation report's criminal history calculation because there was no showing her presentence investigation report "would have been different but for counsel's failure to object"). The state appellate court's affirmance of the postconviction motion court's denial of relief on this claim is not contrary to, or an unreasonable application, of clearly established Federal law; and is not based on an unreasonable determination of the facts. Petitioner's second ground for relief is denied.

Supplemental Claim. As noted earlier, see footnote 12 supra, Petitioner amended his

---

[14] The Court is not addressing the merits of the other two aspects of ground two because those aspects of this ground for relief are procedurally barred. See footnote 13 supra.

[15] Petitioner characterizes the failed drug test as exculpatory evidence. (See, e.g., argument at pages 17-18 of Pet. [Doc. 1 at 17-18]; Reply at 16 [Doc. 14].) This Court does not agree with that characterization.

petition in September 2008 by adding a supplemental claim that the prosecutor failed to disclose a forensic laboratory report. (Doc. 16). The order granting petitioner leave to supplement his claims expressly stated that the granting of leave to amend the original petition "does not insulate the amended claim from any defenses Respondent might raise as to timeliness." (Doc. 17.) Respondent notes that this claim is untimely and procedurally barred, and urges it is without merit.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1)." **Jimenez v. Quarterman**, 129 S.Ct. 681, 683 (2009). The first specified date is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" **Id.** (quoting 28 U.S.C. § 2244(d)(1)(A)). This first possible date is the date relevant to this federal habeas proceeding. This one year time period is tolled during postconviction proceedings until the Missouri Court of Appeals has issued its mandate in the postconviction appeal. See **Payne v. Kemna**, 441 F.3d 570, 572 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

The mandate in Petitioner's postconviction appeal was issued on September 28, 2006. (Resp't Ex. 8.) Clearly, the supplemental claim filed almost two years later, in

September 2008 or August 2008, the date when the supplemental claim was mailed and received by the Court, is untimely unless it relates back to the original claims.

"[H]abeas proceedings are civil in nature"; consequently, "the Federal Rules of Civil Procedure apply." **United States v. Craycraft**, 167 F.3d 451, 457 n.6 (8th Cir. 1999). Those Rules provide for the relation back of amendments filed after the running of a period of limitations "only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." **Id.** at 457. The facts alleged must be sufficiently similar that the original claims give notice of a different sort of theory. **Id.** The facts in the instant case do not. A failure of the prosecutor to disclose a forensic laboratory report involves allegations of conduct separate in time and type from the alleged conduct of Petitioner's counsel that forms the basis of the three grounds for relief set forth in the original habeas petition. A prosecutor's conduct in failing to disclose material does not arise out of the same conduct, transaction, or occurrence as a plea attorney's conduct either in advising Petitioner to plead guilty or in representing Petitioner throughout plea and sentencing proceedings. Petitioner's fourth ground for relief is untimely.

Alternatively, even if the fourth or supplemental claim had been timely filed it would be procedurally barred because it was not presented to the state courts, for the same reasons that are discussed in footnote 13 supra regarding the two ineffective assistance of counsel claims that Petitioner had not presented to the state courts.

### **Conclusion**

For the foregoing reasons, Petitioner's fourth or supplemental claim is either untimely or procedurally barred; and Petitioner's original three claims are without merit or, as to claims his counsel provided ineffective assistance in failing to object at sentencing to the prosecutor's references to a note and phone calls, are procedurally barred. Petitioner's guilty plea was not involuntary, unknowing, caused by the ineffective assistance of counsel, or a violation of due process. Accordingly,

**IT IS HEREBY ORDERED** that Steve Larkins is **SUBSTITUTED** for Pat Smith as the Respondent in this proceeding.

**IT IS FURTHER ORDERED** that the 28 U.S.C. § 2254 petition of Mark Edward Hoff [Doc. 1], including the supplemental claim [Doc. 16], is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of March, 2010.